HILDA DUNTLEY, an Infant, by LLOYD DUNTLEY, Her Guardian ad Litem, Respondent-Appellant, v. OPAL FITZPATRICK, Appellant-Respondent. (Action No. 1.) LLOYD DUNTLEY, Respondent, v. OPAL FITZPATRICK, Appellant. (Action No. 2.) — Defendant in the two above-entitled actions appeals from separate judgments of the Supreme Court in favor of the respective plaintiffs, entered in Essex County, December 23, 1953, upon jury verdicts at Trial Term. Plaintiff in Action No. 1 has cross-appealed on the ground of the inadequacy of the verdict in her favor. The judgments were recovered as a result of injuries sustained by the infant plaintiff when an automobile, in which she was a passenger and which was owned and driven by the defendant, was in collision with an automobile owned and driven by Edgar Bashaw. The accident occurred on the State highway between Westport and Elizabethtown in Essex County on May 2, 1953. Defendant urges that there was no evidence of negligence on her part to justify the submission of the cases to the jury. The only eye-

witness testimony on the trial was that of the injured plaintiff. Neither defendant nor Bashaw testified. It was snowing at the time of the collision and the road was wet with some snow on it. Defendant was operating her car in a westerly direction toward Elizabethtown. Bashaw was driving easterly. As defendant started up a long grade with a clear view ahead of twelve.hundred feet, plaintiff observed a speedometer reading of about forty miles an hour. Thereafter she saw the Bashaw car "quite a ways away" descending the hill toward them. It was proceeding slowly and the speed of that car was reduced " almost to the driveway " of Bashaw's residence situated on the northerly side of the highway. When the two vehicles were about three or four car lengths apart, Bashaw turned to his left and across defendant's lane of travel. The collision occurred near the point where the Bashaw driveway met the north edge of the highway. At the time when plaintiff saw Bashaw turn to his left she " felt " that defendant had applied the brakes, but she noticed no reduction in the speed of defendant's vehicle. A State trooper testified that he observed skid marks of the defendant's car for a distance of somewhat over sixty-three feet " directly straight" along the north lane of the road. Plaintiff testified that after the accident she thought that defendant said she tried to make the driveway ahead of Bashaw. Following the accident there was a small flashing white light on the left front of the Bashaw car, which was a part of a home-made directional signal. According to defendant's witness, the State trooper already mentioned, such light had a very limited range of visibility. The proof and the inference reasonably to be drawn therefrom in the light of defendant's failure to testify were of such a nature as to warrant the submission of the cases to the jury. Plaintiff's cross appeal in Action No. 1 was waived on the argument. Judgments unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.